FILED
Monday, 02 August, 2004 04:48:11 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | | |
|---|---|---|
| BARBARA CLER, | ) | |
|       Plaintiff, | ) | |
| v. | ) | Case No. 04-2011 |
| | ) | |
| ILLINOIS EDUCATION ASSOCIATION, | ) | |
| NATIONAL EDUCATION ASSOCIATION, | ) | |
| IEA UNIFIED LEGAL SERVICES PLAN, | ) | |
| and KATE FRANK/DuSHANE UNIFIED | ) | |
| LEGAL SERVICES PROGRAM, | ) | |
| | ) | |
|       Defendants. | ) | |

O R D E R

In January 2004, Plaintiff, Barbara Cler, filed a Complaint (#1) against Defendants, the Illinois Education Association (hereinafter "IEA"), IEA Unified Legal Services Plan (hereinafter "IEA Services Plan"), National Education Association (hereinafter "NEA"), and Kate Frank/DuShane Unified Legal Services Program (hereinafter "DuShane Program"), alleging violations of the Employment Retirement Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. § 1001, *et seq*. In March 2004, Defendant IEA and Defendant IEA Services Plan filed a Motion To Dismiss **(#6)** and Defendant NEA and Defendant DuShane Program also filed a Motion To Dismiss **(#9)**. After reviewing the parties' pleadings and memoranda, this Court **GRANTS** all Defendants' Motions To Dismiss **(#6**, **#9)**.

I. Background

The following background is based on the complaint. Defendant IEA is a labor union doing business in the State of Illinois. Defendant NEA is a labor union also doing business in the State of Illinois. Plaintiff alleges that Defendant IEA Services Plan and Defendant DuShane Program are employee benefit plans as defined by ERISA. (#1, ¶¶ 2, 3.) Plaintiff Cler worked as a school teacher until her employer, the Community School District No.7 (hereinafter "School District"), terminated her contract in March 2000. Plaintiff submitted a Request for Legal Service, Memorandum of Agreement to the IEA (hereinafter "Agreement/Request") (#1, Ex. A), asking for legal representation in her employment action suit against the School District. The

IEA refused to represent her. Plaintiff then hired private attorneys who successfully argued her claim against the School District. Plaintiff now seeks to have Defendants reimburse her for the attorney fees she incurred in that suit.

In January 2004, Plaintiff filed a complaint against Defendants alleging three counts: (1) breach of an oral contract to provide Plaintiff with an attorney; (2) breach of a written contract wherein Defendant agreed to provide legal services on behalf of Plaintiff; and (3) violation of the provisions of ERISA based on Defendant union's failure to (a) provide Plaintiff with information about the DuShane Program, and (b) provide benefits to which Plaintiff was entitled under the DuShane Program.

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering a motion to dismiss, the Court must accept all well-pleaded factual allegations in the claim as true, and draw all reasonable inferences in favor of the nonmoving party. *Guitierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997). The Court should dismiss the claim only if the nonmoving party cannot prove any set of facts consistent with the allegations of the complaint that would entitle him to relief. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

## III. Discussion

As a preliminary matter, the Court's task of addressing the motions to dismiss was complicated by the fact that Plaintiff did not distinguish between the unions in the complaint. Nevertheless, Plaintiff listed them as separate entities in the case caption, therefore, the Court will assume that they are separate entities. More importantly, the complaint is unclear about the relationship between Defendant IEA Services Plan and Defendant DuShane Program. For example, in Paragraph 3, Plaintiff states: "The <u>plans</u>, Kate Frank/DuShane Unified Legal Services Program and the IEA Unified Legal Services Plan, <u>is</u> an employee benefit <u>plan</u> as that term is defined under the Employee Retirement Security Act of 1974." (#1, ¶ 3, emphasis added.)

The singular verb ("is") and object ("plan") may indicate that the two Defendants constitute a single "plan" under ERISA. However, Plaintiff's use of the word "plans" as the subject of the sentence and the fact that Plaintiff listed them as separate Defendants in the case caption indicate to the Court that they are separate entities. Again, based primarily on the fact that Plaintiff listed them as separate Defendants, the Court will assume that they are separate entities. With this in mind, the Court notes that Count III refers only to the DuShane Program.

Defendants IEA and IEA Services Plan argue in their motion to dismiss that the Court has no subject matter jurisdiction because the IEA Services Plan is not an employee welfare benefit plan under ERISA. Plaintiff did not address the issue of whether the IEA Services Plan constitutes an employee welfare benefit plan. This is consistent with the Court's observation that Count III does not allege any claims against the IEA Services Plan; it refers only to the DuShane Program. Accordingly, the Court concludes that federal subject matter jurisdiction is not based on an ERISA claim against IEA and the IEA Services Plan.

Defendants IEA and IEA Services Plan also contend that the Court should dismiss them from the suit for the following reasons: (1) Counts I and II do not refer to Defendants IEA or IEA Services Plan; and (2) assuming Count II is based on the Agreement/Request, Plaintiff failed to comply with the conditions listed in that document.

Defendants NEA and DuShane Program argue that the Court should dismiss the claims against them because: (1) the DuShane Program is not an employee benefit plan under ERISA; and (2) assuming Count II is based on the Agreement/Request, Plaintiff failed to comply with the conditions listed in that document.

To determine whether it has federal subject-matter jurisdiction over this case, the Court must first determine whether the DuShane Program constitutes a welfare benefit plan pursuant to ERISA. 29 U.S.C. § 1002(a). Whether a plan is governed by ERISA is a question of law for the Court to decide. *Dabertin v. HCR Manor Care, Inc.*, 68 F. Supp. 2d 998, 1000 (N.D. Ill. 1999). If the DuShane Program is not an ERISA "welfare benefit plan," the Court lacks federal subject

3

matter jurisdiction over the suit.

According to the Seventh Circuit, an ERISA welfare benefit plan consists of five elements, as follows:

> (1) a plan, fund or program; (2) established or maintained; (3) by an employer or by an employee organization or by both; (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vacation benefits, apprenticeship or other training programs, day care centers, scholarship funds, prepaid legal services, or severance benefits; (5) to participants or their beneficiaries.

*Ed Miniat, Inc. v. Globe Life Ins. Co.*, 805 F.2d 732, 738 (7th Cir. 1987); 29 U.S.C. § 1002(1). A program must satisfy all five elements.

Defendants NEA and DuShane Program argue that the DuShane Program does not constitute a welfare benefit plan for the following reasons: (1) the legal representation it provides is restricted to specific employment matters relating to the traditional duties of an employee organization; (2) it does not provide personal legal services; and (3) payments under the DuShane Program are made to the state affiliates, not to individual participants or their beneficiaries.

Plaintiff contends that Defendant DuShane Program is a welfare benefit plan for the following reasons: (1) the NEA charges members dues to fund the plan which provides legal services for members who have employment-related issues; (2) Defendants' literature refers to the DuShane Program as a legal services plan; (3) benefits are paid directly to union members or others whose employment has been subject to improper job action; and (4) membership dues are used for advocacy programs including legal programs that protect the rights of members.

After reviewing the DuShane Program Guidelines,[1] the Court concludes that the DuShane

---

[1] Defendants provided a copy of the "Guidelines for the National Education Association Kate Frank/DuShane Unified Legal Services Program" (hereinafter "DuShane Program Guidelines"). (Motion To Dismiss, #9, Ex. A.) *See Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) (In federal court, a plaintiff is under no obligation to attach to her complaint documents upon which her action is based, but a defendant may

Program does not satisfy the fourth and fifth elements of a welfare benefit plan.

The fourth element requires that the DuShane Program provide "prepaid legal services." Although ERISA does not define prepaid legal services, the Internal Revenue Code (hereinafter "IRC") defines prepaid legal services as follows:

> For the purposes of this section, a qualified group legal services plan is a separate written plan of an employer for the exclusive benefit of his employee or their spouses or dependents to provide such employees, spouses, or dependents with specific benefits consisting of personal legal services through prepayment of, or provision in advance for, legal fees in whole or in part by the employer, if the plan meets the requirements of subsection (c).

26 U.S.C. § 120(b). Based on this definition, one of the main elements of prepaid legal services is the provision of "personal legal services." The NEA benefits summary provided by Plaintiff uses the phrase "personal legal services in describing its Attorney Referral Program (hereinafter "ARP"), therefore providing additional guidance as to what may be included in the category of personal legal services. According to the NEA benefits summary, personal legal services may include services related to real estate, wills and estates, domestic relations, consumer protection, and traffic violations. (Response to the Motion To Dismiss, #11, Ex. 6, pp. 2-3.)

With this background in mind, the Court considers what benefits the DuShane Program provides. The DuShane Program Guidelines state as follows: "The [DuShane Program] . . . is a cooperative NEA-state affiliate program that is designed to assure that members of the NEA and the state affiliate . . . receive appropriate legal assistance in matters relating to their employment." (#9, Ex. A.) Thus, the DuShane Program's legal assistance is restricted to employment-related matters. It does not cover what are generally considered to be personal legal services, such as those services described in the NEA benefit summary, including services related to real estate, wills, consumer protection, domestic relations, and traffic violations. (#11, Ex. 6, pp. 2-3.) The DuShane Program expressly limits its legal assistance to job-related disputes that involve "a school district, college or university system, or other institution involved in the teaching/learning

---

introduce pertinent documents if the plaintiff failed to do so.).

process and a member, fee payer, or a local affiliate." (#6, Ex. 1.)

After reviewing the parties' arguments and their supporting documents, the Court concludes that the legal assistance provided by the DuShane Program does not constitute prepaid legal services as contemplated by ERISA. As a result, the fourth element does not support a conclusion that the DuShane Program is an ERISA welfare benefit plan.

Even if the Court concluded that the legal services provided by the DuShane Program constituted "prepaid legal services" under ERISA, Defendants argue that the DuShane Program does not satisfy the fifth element for a welfare benefit plan because it does not provide benefits to individual participants or their beneficiaries, but rather provides for reimbursement of certain legal expenses under delineated circumstances to affiliates of the NEA. Plaintiff asserts that the DuShane Program charges members dues and funds the plan that provides legal services for their members when they have employment issues.

The language of the DuShane Program Guidelines supports Defendants' argument regarding the fifth element. The DuShane Program Guidelines refer only to reimbursing "state affiliates," not individual members or their beneficiaries, and provide procedures for application and contract between a state affiliate and the NEA. Indeed, Paragraph IV(A)(6) of the DuShane Program Guidelines expressly states that "[a]ll reimbursements by the NEA shall be paid directly to the state affiliate. The state affiliate shall be responsible for the proper distribution of the money received, and the NEA shall not be liable to participating attorneys or others for any obligations incurred by the state affiliate." (#9, Ex. A., ¶ IV(A)(6).)

Plaintiff asserts that the DuShane Program's participants include individuals, stating that it is "clear, from looking at the literature, however, that benefits are paid to the members of the Union." (#11, p. 2.) However, Plaintiff has provided no reference to any document relating to the DuShane Program that supports this statement. The Court has reviewed the literature provided by the parties and cannot find any language indicating that the DuShane Program provides

reimbursement to individual members such as Plaintiff. As a result, the Court concludes that the DuShane Program does not satisfy the fifth element of a welfare benefit plan.

Because the DuShane Program fails to satisfy all the elements of a welfare benefit plan, the Court has no subject matter jurisdiction over Count III based on federal question. Accordingly, the Court dismisses the claim in Count III.

### IV. State Claims

Plaintiff's complaint also includes two state law claims based on breach of contract. Because the Court is granting Defendants' motions to dismiss Count III, it also declines to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3) (2003); *Wright v. Associated Ins. Cos. Inc.,* 29 F.3d 1244, 1251 (7th Cir. 1994) (Generally, when all federal claims are dismissed before the trial, claims based on state law should be left to state court.).

### V. Summary

For the reasons set above, the Court **GRANTS** Defendants IEA and IEA Services Plan's Motion To Dismiss **(#6)** as to Count III. This Court also **GRANTS** Defendants NEA and DuShane Program's Motion To Dismiss **(#9)** as to Count III. In addition, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). Accordingly, the Court **GRANTS** Defendants' motions to dismiss the state law claims in Counts I and II without prejudice to filing in state court.

ENTERED this 28th day of July, 2004.



                                              s/ DAVID G. BERNTHAL
                                              U.S. MAGISTRATE JUDGE

H:\Inbox\ORDER\2004\Cler v. IEA.04-2011.order.wpd