E-FILED
Wednesday, 05 October, 2005 02:02:56 PM
Clerk, U.S. District Court, ILCD

# United States Court of Appeals

## For the Seventh Circuit

### Chicago, Illinois 60604

**NOTICE OF ISSUANCE OF MANDATE**

DATE:    October 3, 2005

TO:      John M. Waters
      United States District Court
      Central District of Illinois
      Suite 218
      201 S. Vine Street
      U.S. Courthouse
      Urbana, IL   61802-3369

**FILED**

**OCT 05 2005**

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

FROM:    Gino J. Agnello, Clerk

RE:      04-3193
      Cler, Barbara v. IL Educ Association
      04 C 2011, David G. Bernthal, Magistrate Judge

Herewith is the mandate of this court in this appeal, along
with the Bill of Costs, if any.  A certified copy of the
opinion/order of the court and judgment, if any, and any
direction as to costs shall constitute the mandate.

[ ] No record filed
[X] Original record on appeal consisting of:

**ENCLOSED:**                           **TO BE RETURNED AT LATER DATE:**

[ ]      Volumes of pleadings            [1]
[ ]      Volumes of loose pleadings    [ ]
[ ]      Volumes of transcripts        [ ]
[ ]      Volumes of exhibits           [ ]
[ ]      Volumes of depositions        [ ]
[ ]      In Camera material           [ ]
[ ]      Other_____  [ ]

Record being retained for use    [ ]
in Appeal No. _____

Copies of this notice sent to:      Counsel of record
[ ]      United States Marshal
[ ]      United States Probation Office

**NOTE TO COUNSEL:**
If any physical and large documentary exhibits have been filed in
the above-entitled cause, they are to be withdrawn ten days from the
date of this notice.  Exhibits not withdrawn during this period will
be disposed of.

Please acknowledge receipt of these documents on the enclosed copy
of this notice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Received above mandate and record, if any, from the Clerk, U.S.
Court of Appeals for the Seventh Circuit.

Date: _____    _____
(1071-120397)                 Deputy Clerk, U.S. District Court

# United States Court of Appeals

## For the Seventh Circuit

## Chicago, Illinois 60604

### BILL OF COSTS

*CERTIFIED COPY*

ate: October 3, 2005

Taxed in favor of: Appellant - Barbara Cler

ppeal No. 04-3193

ARBARA CLER,
                    Plaintiff - Appellant
   v.

LLINOIS EDUCATION ASSOCIATION, NATIONAL EDUCATION
SSOCIATION, IEA UNIFIED LEGAL SERVICES PLAN, et al.,
              Defendants - Appellees

A True Copy:
Teste:
Clerk of the United States
Court of Appeals for the
Seventh Circuit

```
Appellate Court No.:   04-3193            Docketed on: 8/25/04
Short Caption:         Cler, Barbara v. IL Educ Association
District Court Judge:  David G. Bernthal
District Court No.:    04 C 2011
```

|  |  | Cost Of Each Item |  |
|---|---|---|---|
| . | For docketing a case on appeal or review or docketing any other proceeding _____ | _____ | _____ |
| :. | For reproduction of any record or paper, per page _____ | _____ | _____ |
| . | Reproduction of briefs: | $  356.20 |  |
|  | Total |  | $  352.20 |

(1077-081992)

## CERTIFIED COPY

In the

# United States Court of Appeals

### For the Seventh Circuit

No. 04-3193

BARBARA CLER,

*Plaintiff-Appellant,*

*v.*

ILLINOIS EDUCATION ASSOCIATION,
NATIONAL EDUCATION ASSOCIATION,
IEA UNIFIED LEGAL SERVICES
PLAN, and KATE FRANK/DUSHANE
UNIFIED LEGAL SERVICES PROGRAM,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 04 C 2011—**David G. Bernthal,** *Magistrate Judge.*

ARGUED FEBRUARY 7, 2005—DECIDED SEPTEMBER 9, 2005

Before ROVNER, WILLIAMS, and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* When Barbara Cler was terminated from her job as a schoolteacher, she asked her union's legal services plan to provide her with an attorney for purposes of pursuing an employment action against her former employer. When the union refused her request, Cler hired an attorney at her own expense and was ultimately successful in her case. In the present action, Cler contends that the defendants wrongfully denied her

request for legal services and seeks to recoup the approximately $25,000 she was forced to spend in retaining an attorney on her own. The district court dismissed the case on the defendants' motion pursuant to FED. R. CIV. P. 12(b)(6), holding that the only claim providing a basis for federal jurisdiction—specifically, under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA")—failed to state a claim upon which relief could be granted. We reverse.

## I. Background

The first task in resolving this appeal is identifying the defendant(s) against whom the various claims in the complaint are asserted, an inquiry that should be straightforward but has been complicated by the complaint's confusing structure and cavalier approach to grammatical usage. The caption and opening paragraph of the complaint identify four separate entities as defendants, two of which are labor unions—the Illinois Education Association ("IEA") and the National Education Association ("NEA"). The remaining two defendants are alleged to be welfare benefit plans sponsored by the defendant unions—the IEA Unified Legal Services Plan ("IEA plan") and the Kate Frank/DuShane Unified Legal Services Program ("DuShane plan").[1]

After asserting the separate existence of these four defendants, the complaint immediately becomes subsumed in confusion as to whether, and to what extent, the two labor unions and two legal services plans are considered

---

[1] In documents filed with the district court, the IEA plan asserted that there is no entity properly known as the "IEA Unified Services Plan" and that the organization's proper name is the "IEA-NEA Legal Services Program."

separate and distinct entities for purposes of the claims
in the lawsuit. Paragraph two of the complaint reads in
part: "The Defendants [IEA] and [NEA] are a labor
union . . . ." Paragraph three reads in part: "The plans,
[DuShane plan] and [IEA plan], is an employee benefit
plan . . . ." There is an obvious disconnect between the
plural subjects of these sentences and their corresponding
singular objects or verb tenses. The confusion generated
by this careless usage is exacerbated by subsequent fac-
tual allegations referring only to "the Defendant" or "the
Defendant union," without specifying which of the two
unions or four defendants is intended. For example, the
complaint alleges that "the Plaintiff made several requests
of *the Defendant* that an attorney be appointed on her
behalf" and "Plaintiff went to *the Defendant union* and
requested that *they* provide legal representation for
her . . . ." In short, it is difficult to assay the complaint
and come away confident as to which defendant is be-
ing referenced at any given point.

This lack of clarity spills over into the third and final
count of the complaint, in which it is alleged that the
defendant(s)' failure to provide Cler with legal representa-
tion constituted a denial of benefits to which she was
entitled under the terms of a welfare benefit plan, in
violation of ERISA. This claim, by virtue of its invocation
of ERISA, provides the sole basis for Cler's assertion of
federal jurisdiction.[2] The DuShane plan is mentioned by
name in Count III, but there is no overt mention of the
IEA plan. However, in the five paragraphs comprising
Count III, the words "defendant" *and* "defendants" are
used. For example, paragraph twenty of the complaint
alleges that "the defendants failed to provide benefits to

---

[2] The other two counts in the complaint are state law claims for
breach of contract.

4                                              No. 04-3193

her which she was entitled [sic] under the plan in violation
of the provisions of ERISA." As in other parts of the
complaint, this allegation refers to plural defendants but
a singular "plan." Count III of the complaint also refer-
ences an exhibit described as an excerpt from "the Defen-
dant unions' booklet relating to providing legal representa-
tion." This allegation uses the plural "unions" and the
exhibit appears to be two pages taken from an overview of
services provided *jointly* by the NEA and IEA to its
members.

All four defendants moved to dismiss. The district
court construed Count III as leveled only against the
DuShane plan. The court then held that the DuShane
plan was not a "welfare benefit plan" for purposes of
ERISA because the scope of legal services it provided to
members was limited to employment-related matters. This
limitation, in the district court's view, took the DuShane
plan outside ERISA's definition of a welfare benefit plan.
That definition includes plans that provide "prepaid legal
services," which the court construed as meaning "personal
legal services" only, not legal services relating to employ-
ment matters. The court also held that the DuShane plan
did not qualify as a welfare benefit plan because it did not
provide benefits directly to participants such as Cler and
instead only reimbursed state affiliates (such as the IEA)
for legal expenses incurred "under delineated circum-
stances."

Having determined that the DuShane plan was not a
welfare benefit plan within the meaning of ERISA, the
district court held that Count III failed to state an ERISA
claim, and also declined to exercise supplemental jurisdic-
tion over the state law contract claims. Accordingly, the
court dismissed the action in its entirety.

No. 04-3193                                                    5

## II. Discussion

### A. Construction of Count III of the Complaint

Cler argues on appeal that she intended to bring Count III, the ERISA claim, against both the IEA plan *and* the DuShane plan and that her failure to specifically name the IEA plan in Count III was an obvious oversight that was improperly seized upon by the district court as a basis to dismiss her complaint. She argues that her intention to bring Count III against more than one defendant was clear enough under the liberal rules of notice pleading and that the district court erred when it analyzed only whether the DuShane plan was a welfare benefit plan for purposes of ERISA. Cler points to the fact that earlier in the complaint she clearly alleged that *both* the IEA and DuShane plans are welfare benefit plans for purposes of ERISA, thereby putting the defendants on notice that she was pursuing ERISA claims against *both* entities.

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint, and dismissal of an action under the rule is warranted only if "no relief could be granted under any set of facts that could be proved consistent with the allegations." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). We review a district court's grant of a 12(b)(6) motion *de novo*, accepting the well-pleaded allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997).

Working hand in glove with Rule 12(b)(6) is FED. R. CIV. P. 8, subsection (a) of which requires a plaintiff's complaint to contain a "short and plain statement" of his claim and the basis for federal jurisdiction, and subsection (f) of which instructs the courts that "[a]ll pleadings shall be so construed as to do substantial justice." Rule 8(a)

thus requires only a "short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *DeWalt*, 224 F.3d at 612. In this regard, the Supreme Court has cautioned that "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957); *see also Luckett v. Rent-A-Center, Inc.*, 53 F.3d 871, 873 (7th Cir. 1995) ("District judges must heed the message of Rule 8: the pleading stage is not the occasion for technicalities.").

The liberal construction given to a complaint, combined with the minimal notice pleading requirements of Rule 8 and our obligation to draw all reasonable inferences in Cler's favor, persuade us that the district court read the complaint too narrowly in determining that the DuShane plan was the only defendant alleged to have violated ERISA. As we have noted, the complaint is anything but a model of clarity, but neither absolute clarity nor proper attention to grammatical norms is a necessary prerequisite to surviving a Rule 12(b)(6) motion. The inexact wording of the complaint is undeniably confounding; the motion to dismiss presented the district court with the option of either construing Count III broadly and liberally so as to include both the DuShane and IEA plans or narrowly so as to exclude the IEA plan from consideration. The court's decision to construe Count III narrowly is inconsistent with Rule 8 and with the obligation to draw all inferences in favor of the nonmoving party when resolving a motion to dismiss. The dismissal order must therefore be reversed.

No. 04-3193                                                    7

## B.  "Prepaid Legal Services" under ERISA

Because of its erroneously narrow reading of the com-
plaint, the district court did not consider whether the IEA
plan was a welfare benefit plan under ERISA. The court
did conclude, however, that the DuShane plan was not
a welfare benefit plan because it did not offer "prepaid
legal services." Under the definition of "welfare benefit
plan" contained in 29 U.S.C. § 1002(1), the plans at issue
in this suit would fall under the auspices of ERISA if they
satisfied each of the following five elements: "(1) a plan,
fund, or program[;] (2) established or maintained[;] (3)
by an . . . employee organization . . .[;] (4) for the purpose
of providing . . . prepaid legal services . . .[;] (5) to partici-
pants or their beneficiaries." *See Ed Miniat, Inc. v. Globe
Life Ins. Group*, 805 F.2d 732, 738 (7th Cir. 1986); *Postma
v. Paul Revere Life Ins. Co.*, 223 F.3d 533, 537 (7th Cir.
2000).[3]

ERISA does not define the phrase "prepaid legal ser-
vices" as used in § 1002(1), and apparently there is a
dearth of case law, in this circuit and elsewhere, that
addresses the scope of the term.[4] "It is a common rule of

-----

[3]  The unedited version of the definition provides that a welfare
benefit plan "requires five elements: (1) a plan, fund or program,
(2) established or maintained, (3) by an employer or by an
employee organization, or by both, (4) for the purpose of provid-
ing medical, surgical, hospital care, sickness, accident, disability,
death, unemployment or vacation benefits, apprenticeship or
other training programs, day care centers, scholarship funds,
prepaid legal services or severance benefits, (5) to participants
or their beneficiaries." *Ed Miniat*, 805 F.2d at 738.

[4]  In *United States v. Blood*, 806 F.2d 1218, 1219 (4th Cir. 1986),
the defendant was convicted of embezzling from an ERISA
"prepaid legal services plan." The Fourth Circuit did not have
occasion to specifically define "prepaid legal services" in a man-
(continued...)

statutory construction that when the plain language of
a statute is clear, courts need look no farther than those
words in interpreting the statute." *Gildon v. Bowen*, 384
F.3d 883, 886 (7th Cir. 2004) (quoting *Estate of Cowser v.
Commissioner*, 736 F.2d 1168, 1171 (7th Cir. 1984)). The
district court bypassed the straightforward meaning of
the phrase "prepaid legal services" in favor of a strained
analysis that relied upon definitions of slightly different
phrases found in the Internal Revenue Code ("IRC") and in
an NEA publication. This approach was unwarranted.

Specifically, the court turned to a provision in the IRC
that delineates the circumstances under which an individ-
ual's gross income should include amounts contributed
by her employer to a "qualified group legal services plan."
26 U.S.C. § 120(b). The district court stated that this
provision of the IRC "defines prepaid legal services," when,
in fact, it defines a different phrase used in the IRC,
namely, "qualified group legal services plan." The district
court then noted that the IRC definition included "personal
legal services," and from this the court reasoned that "one
of the main elements of prepaid legal services is the
provision of 'personal legal services.'" Now needing a
definition of "personal legal services," the court inexplica-
bly turned to an NEA publication that used the phrase
"personal legal services" in describing the types of legal
assistance available under a union-sponsored program

---

[4] (...continued)

ner that is instructive here, but the court did describe the
program at issue as one where participants were "entitled to
certain limited legal services from private attorneys who
had contracted with [defendant] to provide such services for a
percentage of each member's dues."

called the "Attorney Referral Program."[5] What relevance
the "Attorney Referral Program" has in this case escapes
us. The district court stated that the NEA publication
"provide[s] additional guidance as to what may be included
in the category of personal legal services." The notion that
the meaning of a statutory phrase should be determined
by reference to a teacher's union publication is mystifying,
to say the least.

In short, the district court's construction of the phrase
"prepaid legal services" as used in ERISA was based on
an income tax statute defining a different phrase and a
list of examples of the types of legal assistance available
under an NEA program that apparently has nothing to do
with this lawsuit. The defendants rely on this same
convoluted analysis on appeal. This mode of evaluating
whether the complaint states an ERISA claim is clearly
flawed.

Our own research has disclosed no cases attempting to
define the phrase "prepaid legal services" as used in
ERISA. We again note that "the cardinal rule is that
words used in statutes must be given their ordinary and
plain meaning" and that we will "frequently look to
dictionaries to determine the plain meaning of words."

---

[5] The Attorney Referral Program offers NEA members in
participating states a 30% discount from the normal fees
charged by private attorneys providing legal services in the areas
of real estate, wills and estates, domestic relations, consumer
protection, and traffic violations. Using this list to define
"personal legal services," the district court concluded that an
ERISA prepaid legal services plan must offer legal representa-
tion to participants in this particular array of subject matter
areas. The DuShane program, which offers legal services *only* in
the area of employment disputes (and not real estate, wills,
traffic violations, etc.) did not qualify as an ERISA plan under
the district court's definition.

*Sanders v. Jackson*, 209 F.3d 998, 1000 (7th Cir. 2000). *Black's Law Dictionary* contains an entry for "prepaid legal services" that reads as follows: "An arrangement—usually serving as an employee benefit—that enables a person to make advance payments for future legal services." *Black's Law Dictionary* 1220 (8th ed. 2004). For purposes of the present case, coming to us in the posture of a motion to dismiss, this definition will suffice. The meaning of the statutory phrase "prepaid legal services" is not limited to "personal legal services," whatever the scope of the latter phrase may be.

We express no opinion on the merits of this suit, and indeed do not decide whether the DuShane plan and/or the IEA plan are in fact prepaid legal services plans falling within the scope of ERISA. These are questions the district court will have to answer on remand. Neither do we find it necessary to attempt to articulate a more precise definition of the term "prepaid legal services," beyond what we have noted above, in order to resolve this appeal. Given the preliminary stage of this litigation, we hold only that (1) the district court erred in narrowly construing Count III of the complaint as asserting a claim against the DuShane plan only; and (2) the district court erred in holding that the term "prepaid legal services" in § 1002(1) is limited to "personal legal services," and also erred in determining that the DuShane plan was not an ERISA welfare benefit plan on the basis of that erroneous definition.

The judgment of the district court is REVERSED and the case is REMANDED for proceedings consistent with this opinion.

No. 04-3193

A true Copy:

Teste:

11

Clerk of the United States Court of
Appeals for the Seventh Circuit

USCA-02-C-0072—9-9-05

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

*CERTIFIED COPY*

## JUDGMENT - WITH ORAL ARGUMENT

**Date: September 9, 2005**

**BEFORE:**        Honorable ILANA DIAMOND ROVNER, Circuit Judge

              Honorable ANN CLAIRE WILLIAMS, Circuit Judge

              Honorable DIANE S. SYKES, Circuit Judge

No. 04-3193

BARBARA CLER,
                Plaintiff - Appellant

    v.

ILLINOIS EDUCATION ASSOCIATION, NATIONAL EDUCATION
ASSOCIATION, IEA UNIFIED LEGAL SERVICES PLAN, et al.,
                Defendants - Appellees


Appeal from the United States District Court for the
Central District of Illinois
No. 04 C 2011, David G. Bernthal, Magistrate Judge


        The judgment of the District Court is REVERSED, with costs, and
the case is REMANDED for proceedings consistent with this opinion.
The above is in accordance with the decision of this court entered
on this date.


(1036-110894)


A True Copy:
Test:

Clerk of the United States
Court of Appeals for the