IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| BARBARA CLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. 04-CV-2011 |
| ) | |
| ILLINOIS EDUCATION ASSOCIATION, ) | |
| NATIONAL EDUCATION ASSOCIATION, ) | |
| I.E.A.-N.E.A. LEGAL SERVICES PLAN, ) | |
| and KATE FRANK/DuSHANE UNIFIED ) | |
| LEGAL SERVICES PROGRAM, ) | |
| ) | |
| Defendants. ) | |

**AMENDED COMPLAINT WITH JURY DEMAND**

Now comes Plaintiff BARBARA CLER, by H. KENT HELLER and DAVID STEVENS of HELLER, HOLMES & ASSOCIATES, P.C., her attorneys, and for her Amended Complaint against Defendants ILLINOIS EDUCATION ASSOCIATION, NATIONAL EDUCATION ASSOCIATION, I.E.A.-N.E.A. LEGAL SERVICES PLAN, and KATE FRANK/DuSHANE UNIFIED LEGAL SERVICES PROGRAM alleges as follows:

1.    Plaintiff is a citizen of the State of Illinois with residence in Champaign, Illinois.

2.    Defendants ILLINOIS EDUCATION ASSOCIATION and NATIONAL EDUCATION ASSOCIATION are labor unions doing business jointly in the State of Illinois and Champaign County, with their principal office located in Springfield, Illinois.

3.    Defendants I.E.A.-N.E.A. LEGAL SERVICES PLAN and KATE FRANK/DuSHANE UNIFIED LEGAL SERVICES PROGRAM are employee welfare benefit plans as that term is defined under the Employee Retirement Security Act of 1974 (ERISA), 29 U.S.C. Section 1002(1), in that both are plans or programs established or maintained by an employee

organization for the purpose of providing pre-paid legal services to participants or their beneficiaries.

4. This action arises under the Employee Retirement Security Act of 1974 (ERISA), in particular 29 U.S.C. Sections 1132(a)(3) and 1140. Exclusive jurisdiction is conferred upon this Court pursuant to the provisions of 29 U.S.C. Section 1132(e)(1), and venue is proper in this Court pursuant to the provisions of 29 U.S.C. Section 1132(e)(2). Counts I and II are state law claims properly before this Court pursuant to Supplemental Jurisdiction as conferred by 28 U.S.C. Section 1367.

5. At all times relevant herein, Plaintiff was a member of the Defendant unions.

6. Prior to May 28, 2001, Plaintiff was employed as a school teacher at Community Unit School District No. 7 in Champaign County, Illinois.

7. On or about March 29, 2001, the Board of Education of Community Unit School District No. 7 notified Plaintiff that her employment would be terminated as of the last day of the 2000-2001 school year.

8. Plaintiff went to the Defendant unions, requested that they pay her expenses for legal representation in the adverse employment action, and they agreed to do so.

9. The Defendant unions filed a grievance, scheduled the matter for arbitration, and then cancelled the arbitration.

10. After March 29, 2001, Plaintiff made several requests of the Defendant unions that they pay for an attorney for her.

## COUNT I

### Breach of Oral Contract

11. On or about March 29, 2001, Plaintiff and the Defendant unions entered into an oral contract wherein the Defendant unions agreed to pay for an attorney for Plaintiff to handle those

actions which were necessary in pursuing her employment dispute.

12. When the Defendant unions subsequently failed to pay for an attorney as agreed Plaintiff hired one at her own expense.

13. At all times relevant herein, the Defendant unions were aware of the attorneys employed by Plaintiff.

14. At no time did the Defendant unions pay for an attorney for Plaintiff notwithstanding the fact that they had agreed to do so.

15. Between July of 2001 and September of 2003, Plaintiff continued to employ attorneys to pursue her dispute and related federal lawsuits to their conclusion, including a favorable settlement with Community Unit School District No. 7 which specifically excluded payment of attorney fees.

16. On July 25, 2002; November 22, 2002; and in September of 2003 Plaintiff made demands upon the Defendant unions to pay for the attorneys previously hired by her but they have failed and refused to do so.

17. Plaintiff has been damaged thereby in a sum in excess of $25,000.00.

## COUNT II

### Breach of Written Contract

18. On or about June 27, 2001, Plaintiff and the Defendant unions entered into a written contract wherein the Defendant unions agreed to pay the costs, expenses, and attorney fees involved to handle those actions which were necessary in resolving her employment dispute. A true and accurate copy of the contract is attached hereto as Exhibit A and incorporated herein by reference.

19. When the Defendant unions failed to pay for an attorney as agreed Plaintiff hired one at her own expense.

20. At all times relevant herein, the Defendant unions were aware of the attorneys employed by Plaintiff.

21. At no time did the Defendant unions pay for an attorney for Plaintiff notwithstanding the fact that they had agreed in writing to do so.

22. Between July of 2001 and September of 2003, Plaintiff continued to employ attorneys to pursue her employment dispute and related federal lawsuits to their conclusion, including a favorable settlement with Community Unit School District No. 7 which specifically excluded payment of attorney fees.

23. On July 25, 2002; November 22, 2002; and in September of 2001 Plaintiff made demands upon the Defendant unions to pay for the attorneys previously hired by her but they have failed and refused to do so.

24. Plaintiff has been damaged thereby in a sum in excess of $25,000.00.

## COUNT III

### ERISA Violations

25. Plaintiff was provided notice of two employee welfare benefit plans established by the Defendant unions during her membership in the Defendant unions, namely Defendants I.E.A.-N.E.A. LEGAL SERVICES PLAN and KATE FRANK/DuSHANE UNIFIED LEGAL SERVICES PROGRAM.

26. Plaintiff specifically asked representatives of the Defendant unions during her membership in the Defendant unions to provide her with summary plan descriptions and plan information, which they were required to provide under ERISA, and the representatives of the Defendant unions failed and refused to provide the requested information.

27. Attorney Sandra J. Holman of the Defendant unions finally indicated to Plaintiff in

writing on January 11, 2002, that she would not receive a copy of the benefit plans because by that time Plaintiff was no longer a member of the Defendant unions. A true and accurate copy of the letter of January 11, 2002, is attached hereto as Exhibit B and incorporated herein by reference.

28. Such failure to provide requested copies of the benefit plans is a violation of ERISA, specifically 29 U.S.C. Section 1132(c)(1), which provides that any administrator who fails or refuses to comply with a request for information from a participant which such administrator is required to furnish may be held personally liable to the participant in the amount of up to $100 per day from the date of such failure or refusal, and the Court may order other relief as it deems proper.

29. Plaintiff never received a copies of the summary benefit plans and plan information at issue until after the filing of the present suit, despite repeated requests.

30. Attached hereto as Exhibit C and incorporated herein by reference is a true and accurate copy of a document describing Defendant KATE FRANK/DuSHANE UNIFIED LEGAL SERVICES PROGRAM provided to Plaintiff by Defendant NATIONAL EDUCATION ASSOCIATION in its 1998 New Member CD. Said document indicates that the Program is "designed to provide members and local affiliates with appropriate legal assistance in matters related to their employment, particularly regarding the defense of their job rights."

31. Attached hereto as Exhibit D and incorporated herein by reference is a true and accurate copy of pages 14 and 15 of the Defendant unions' membership booklet, relating to the provision of legal representation. The Defendant unions here state: "On any given day, over 400 legal cases are being litigated by IEA-NEA staff. In addition, the Association retains outside law firms to ensure that no complaint goes uninvestigated, no injustice overlooked."

32. The failure of the Defendant unions and Defendants I.E.A.-N.E.A. LEGAL SERVICES PLAN and KATE FRANK/DuSHANE UNIFIED LEGAL SERVICES PROGRAM to

provide legal services for Plaintiff pursuant to the terms of the employee welfare benefit plans is also a violation of ERISA.

33.    Plaintiff has incurred additional legal fees and expenses in bringing this action.

WHEREFORE, Plaintiff BARBARA CLER prays this Court for a judgment in her favor and against Defendants ILLINOIS EDUCATION ASSOCIATION, NATIONAL EDUCATION ASSOCIATION, I.E.A.-N.E.A. LEGAL SERVICES PLAN, and KATE FRANK/DuSHANE UNIFIED LEGAL SERVICES PROGRAM in the amount of TWENTY-FIVE THOUSAND AND 00/100 DOLLARS ($25,000.00) together with her costs of suit; an award of her reasonable attorney fees and expenses pursuant to statute; as well as for such other and further relief under the statute to which she may be entitled and which this Court deems just and fair.

BARBARA CLER, Plaintiff

By:    s/David Stevens
       Of Heller, Holmes & Associates, P.C.
       Her Attorneys

## JURY DEMAND

Plaintiff hereby demands trial by jury.

BARBARA CLER, Plaintiff

By:    s/David Stevens
       Of Heller, Holmes & Associates, P.C.
       Her Attorneys

H. KENT HELLER
DAVID STEVENS
HELLER, HOLMES & ASSOCIATES, P.C.
1101 Broadway, P.O. Box 889
Mattoon, IL 61938-0889
Telephone: (217) 235-2700
Fax: (217) 235-0743
E-Mail: DavidStevens@HHLawOff.com

CERTIFICATE OF SERVICE

    I hereby certify that on November 1, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Ralph H. Loewenstein of Loewenstein, Hagen, Oehlert & Smith.

                                          s/David Stevens
                                          Heller, Holmes & Associates, P.C.
                                          1101 Broadway, P.O. Box 889
                                          Mattoon, IL 61938-0889
                                          Telephone: (217) 235-2700
                                          Fax: (217) 235-0743
                                          E-Mail: DavidStevens@HHLawOff.com
                                          Attorneys for Plaintiff