E-FILED
Tuesday, 22 November, 2005  02:31:07 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| BARBARA CLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 04 CV 2011 |
| | ) |
| ILLINOIS EDUCATION ASSOCIATION, | ) |
| NATIONAL EDUCATION ASSOCIATION, | ) |
| IEA-NEA LEGAL SERVICES PLAN, and | ) |
| KATE FRANK/DuSHANE UNIFIED | ) |
| LEGAL SERVICES PROGRAM, | ) |
| | ) |
| Defendants, | ) |

### ANSWER TO AMENDED COMPLAINT

NOW COME the Defendants, Illinois Education Association and the IEA-NEA Legal Services Plan, by their attorneys, Loewenstein, Hagen & Smith, P.C. and for their Answer to Amended Complaint state as follows:

1.  The Defendants admit the allegations contained in paragraph 1 of the Amended Complaint.

2.  The Defendant, Illinois Education Association, admits that it is a labor union doing business in the State of Illinois and Champaign County, with its principal office in Springfield, Illinois. None of the allegations in paragraph 2 of the Amended Complaint pertain to the IEA-NEA Legal Services Plan and therefore, no answer is made as to it by the IEA-NEA Legal Services Plan.

3. The Defendants deny that the IEA-NEA Legal Services Plan is an Employee Welfare Benefit Plan, as defined under 29 U.S.C. §1002(1). In further answer, the Defendants state that the IEA-NEA Legal Services Plan is not a separate entity, but rather is a program of the Defendant, Illinois Education Association. A copy of the IEA-NEA Legal Services Plan is attached hereto as Exhibit 1.

4. The Defendants deny that this action arises under the Employment Retirement Security Act and further deny that exclusive jurisdiction is conferred upon the Court pursuant to 29 USC §1132(e)(1), or that venue is proper in this Court. The Defendants admit that Counts I and II are state law claims and deny that they are properly before this Court pursuant to Supplemental Jurisdiction.

5. The Defendant, Illinois Education Association admits that at one time, the Plaintiff was a member of the Illinois Education Association. The Defendant, Illinois Education Association is unable to answer whether the Plaintiff was a member at "all times relevant", since that time period is not specified. None of the allegations in paragraph 5 of the Amended Complaint pertain to the IEA-NEA Legal Services Plan and therefore, no answer is made as to it by the IEA-NEA Legal Services Plan.

6. The Defendants admit the allegations contain in paragraph 6 of the Amended Complaint.

7. The Defendants admit the allegations contain in paragraph 7 of the Amended Complaint.

8.  The Defendant, Illinois Education Association admits that the Plaintiff came to it and requested legal services according to the terms of the IEA-NEA Legal Services Plan.  The Defendant, Illinois Education Association further states that it agreed to provide legal services to the Plaintiff in accordance with the Plan.  The Defendant, Illinois Education Association denies each and every other allegation of paragraph 8 of the Amended Complaint.  None of the allegations in paragraph 8 of the Amended Complaint pertain to the IEA-NEA Legal Services Plan,  and therefore no answer is made to it by the IEA-NEA Legal Services Plan.

9.  The Defendant, Illinois Education Association admits that one of it local Associations filed a grievance on behalf of the Plaintiff, scheduled the matter for arbitration, and agreed to a continuance of the arbitration.  The Defendant, Illinois Education Association denies that the arbitration was cancelled.  None of the allegations in paragraph 9 of the Amended Complaint pertain to the IEA-NEA Legal Service Plan and therefore no answer is made to it by the IEA-NEA Legal Services Plan.

10.  The Defendant, Illinois Education Association admits the allegations contain in paragraph 10 of the Amended Complaint as they pertain to them.  None of the allegations in paragraph 10 of the Amended Complaint pertain to the IEA-NEA Legal Services Plan and therefore no answer is made to it by the IEA-NEA Legal Services Plan.

## COUNT I

11.     The Defendant, Illinois Education Association denies the allegations in paragraph 11 of the Amended Complaint.  None of the allegations in paragraph 11 of the Amended Complaint pertain to the IEA-NEA Legal Services Plan and therefore no answer is made to it by the IEA-NEA Legal Services Plan.

12.     The Defendant, Illinois Education Association admits that the Plaintiff hired an attorney at her own expense, and denies each and every other allegation of Paragraph 12 of the Amended Complaint.  None of the allegations in paragraph 12 of the Amended Complaint pertain to the IEA-NEA Legal Services Plan and therefore no answer is made to it by the IEA-NEA Legal Services Plan.

13.     The Defendant, Illinois Education Association admits that at some time it became aware that the Plaintiff had employed attorneys to represent her and denies each and every other allegation in Paragraph 13 of the Amended Complaint.  None of the allegations of Paragraph 13 of the Amended Complaint pertain to the IEA-NEA Legal Service Plan pertain to the IEA-NEA Legal Services Plan and therefore no answer is made to it by the IEA-NEA Legal Services Plan.

14.     The Defendant, Illinois Education Association admits that it did not pay for a private attorney for the Plaintiff and denies each and every other allegation of paragraph 14 of the Amended Complaint.  None of the allegations of paragraph 14 of the Amended Complaint pertain to the IEA-NEA Legal Services Plan and therefore no answer is made to it by the IEA-NEA Legal Services Plan.

15.  The Defendants admit that during some period of time, the Plaintiff employed attorneys to represent her in a federal lawsuit, against Community Unit School District No. 7 and deny each and every other allegation contained in paragraph 15 of the Amended Complaint.

16.  The Defendant, Illinois Education Association admits that on July 25, 2002 and November 22, 2002 the Plaintiff made demand upon it to pay for attorneys hired by the Plaintiff, and that it refused to make said payments.  The Defendant, Illinois Education Association denies each and every other allegation in paragraph 16 of the Amended Complaint.  None of the allegations in paragraph 16 of the Amended Complaint pertain to the IEA-NEA Legal Services Plan and therefore no response to it is made by the IEA-NEA Legal Services Plan.

17.  The Defendants deny the allegations in paragraph 17 of the Amended Complaint.

COUNT II

18.  The Defendant, Illinois Education Association admits that on or about June 27, 2001 the Plaintiff and it entered into a Memorandum of Agreement, a copy of which is attached to the Amended Complaint as Exhibit A, and in further answer states that Exhibit A speaks for itself as to its terms and conditions.  None of the allegations in paragraph 18 of the Amended Complaint pertain to the IEA-NEA Legal Services Plan and therefore no response to it is made by the IEA-NEA Legal Services Plan.

19. The Defendant, Illinois Education Association denies the allegations in paragraph 19 of the Amended Complaint. None of the allegation in paragraph 19 of the Amended Complaint pertain to the IEA-NEA Legal Services Plan and therefore no response is made to it by the IEA-NEA Legal Services Plan.

20. The Defendant, Illinois Education Association denies the allegations in paragraph 20 of the Amended Complaint. None of the allegations in paragraph 20 of the Amended Complaint pertain to the IEA-NEA Legal Services Plan and therefore no response is made to it by the IEA-NEA Legal Services Plan.

21. The Defendant, Illinois Education Association denies the allegations in paragraph 21 of the Amended Complaint. None of the allegations in paragraph 21 of the Amended Complaint pertain to the IEA-NEA Legal Services Plan and therefore no response is made to it by the IEA-NEA Legal Services Plan.

22. The Defendants admit that during some period of time, the Plaintiff employed attorneys to represent her in a federal lawsuit against Community Unit School District No. 7 and deny each and every other allegation contained in paragraph 22 of the Amended Complaint.

23. The Defendant, Illinois Education Association admits that on July 25, 2002 and November 22, 2002 the Plaintiff made demand upon it to pay for attorneys hired by the Plaintiff, and that it refused to make said payments. The Defendant, Illinois Education Association denies each and every other allegation in paragraph 23 of the Amended Complaint. None of the allegation in paragraph 23 of the Amended

Complaint pertain to the IEA-NEA Legal Services Plan and therefore no response is made to it by the IEA-NEA Legal Services Plan.

24.    The Defendants deny the allegations in paragraph 24 of the Amended Complaint.

## COUNT III

25.    The Defendants have no knowledge whether the Plaintiff was provided notice of the IEA-NEA Legal Services Plan and therefore neither admit nor deny said allegations but demand strict proof of the same  The Defendants deny that the IEA-NEA Legal Services Plan is an Employee Welfare Benefit Plan.  In further answer the Defendants state that the IEA-NEA Legal Services Plan is not a separate entity but rather is a program of the Defendant Illinois Education Association.

26.    The Defendant, Illinois Education Association admits that the Plaintiff made an oral request to it's representatives to provide her with a Summary Plan Description and that it initially failed to provide her with a copy of the Summary Plan Description.  The Defendant, Illinois Education Association denies each and every other allegation of paragraph 26 of the Amended Complaint, and in further answer, the Defendant, Illinois Education Association states that subsequently the Plaintiff was provided with a copy of the IEA-NEA Legal Services Plan.  None of the allegations in paragraph 26 of the Amended Complaint pertain to any actions or inactions of the IEA-NEA Legal Services Plan and therefore no response is made by the IEA-NEA Legal Services Plan.

7

27. The Defendant, Illinois Education Association admits the allegations in paragraph 27 of the Amended Complaint. None of the allegations in paragraph 27 of the Amended Answer pertain to any actions or inactions of the IEA-NEA Legal Services Plan and therefore no response is made to it by the IEA-NEA Legal Services Plan.

28. The Defendants deny that failure to provide requested copies of the IEA-NEA Legal Services Plan was a violation of 29 USC §1132(c)(1), and in further answer, the Defendants state that the contents of 29 USC §1132(c)(1) speak for itself.

29. The Defendants admit the allegations in paragraph 29 of the Amended Complaint.

30. The Defendants have no knowledge of the allegations in paragraph 30 of the Amended Complaint and therefore neither admit nor deny the allegations but demand strict proof of the same. In further answer, the Defendants state that Exhibit C speaks for itself.

31. The Defendant, Illinois Education Association admits that Exhibit D is a copy of certain pages of one of its membership booklets. In further answer the Defendant Illinois Education Association states that Exhibit D speaks for itself. None of the allegations in paragraph 31 of the Amended Complaint pertain to any action or inaction of the IEA-NEA Legal Services Plan and therefore no response is made to it by the IEA-NEA Legal Services Plan.

32.     The Defendants deny the allegations in paragraph 32 of the Amended Complaint. In further answer the Defendants state that the IEA-NEA Legal Services Plan is not a separate entity but rather is a program of the Illinois Education Association.

33.     The Defendants have no knowledge of the allegations contained in paragraph 33 of the Amended Complaint, and therefore neither admit nor deny said allegations but demand strict proof of the same.

WHEREFORE, the Defendants, Illinois Education Association and the IEA-NEA Legal Services Plan pray that the Amended Complaint filed by the Plaintiff be dismissed with prejudice, with all costs to be assigned to the Plaintiff and that the Plaintiff be required to pay their attorney fees.

Loewenstein, Hagen & Smith P.C.

s/Ralph H. Loewenstein

## AFFIRMATIVE DEFENSES

NOW COME the Defendants, Illinois Education Association and the IEA-NEA Legal Services Plan by their attorneys, Loewenstein, Hagen & Smith P.C. and for their affirmative defenses state as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred because the IEA-NEA Legal Services Plan is

not an Employee Welfare Benefit Plan and it therefore not covered by ERISA.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred because she failed to exhaust remedies provided for in the IEA-NEA Legal Services Plan.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Count II of the Amended Complaint is considered independently by the Court, the Plaintiff failed to comply with the terms of the Memorandum of Agreement attached as Exhibit A to the Amended Complaint.

WHEREFORE, the Defendants, Illinois Education Association and the IEA-NEA Legal Services Plan pray that the Plaintiff's Amended Complaint be dismissed with prejudice with all costs assigned to the Plaintiff and that the Plaintiff be required to pay the Defendants' attorney fees.

### RESPONSE TO JURY DEMAND

Defendants deny that the Plaintiff is entitled to a trial by jury.

Loewenstein, Hagen & Smith P.C.

s/Ralph H. Loewenstein

Ralph H. Loewenstein
Loewenstein, Hagen & Smith P.C.
1204 S. Fourth Street
Springfield, IL 62703
(217) 525-1199
Fax: (217) 522-6047
E-Mail: rhl@lhoslaw.com

CERTIFICATE OF SERVICE

     I certify that on the  22nd  day of    November   , 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: H. Kent Heller of Heller, Holmes & Associates, P.C.

                                          s/Ralph H. Loewenstein

Ralph H. Loewenstein #1682970
LOEWENSTEIN, HAGEN & SMITH P.C.
1204 S. Fourth Street
Springfield, IL   62703
(217) 525-1199