E-FILED
Tuesday, 22 November, 2005  02:36:55 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| BARBARA CLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 04 CV 2011 |
| | ) | |
| ILLINOIS EDUCATION ASSOCIATION, | ) | |
| NATIONAL EDUCATION ASSOCIATION, | ) | |
| IEA-NEA LEGAL SERVICES PLAN, and | ) | |
| KATE FRANK/DuSHANE UNIFIED | ) | |
| LEGAL SERVICES PROGRAM, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO AMENDED COMPLAINT

NOW COME the Defendants, the National Education Association ("NEA") and the Kate Frank/DuShane Unified Legal Services Program ("the DuShane Program"), by their attorneys, Loewenstein, Hagen & Smith, P.C. and for their Answer to Plaintiff's Amended Complaint state as follows.

### FIRST DEFENSE

Defendants NEA and the DuShane Program respond to each numbered paragraph of the Amended Complaint as follows:

1.  Defendants lack sufficient information to admit or deny the allegations in this paragraph.

2. Defendants admit that the National Education Association is a labor union that does business in the State of Illinois. Defendants deny the remaining allegations in this paragraph.

3. The allegations in this paragraph state conclusions of law to which Defendants are not required to provide an answer. But if an answer is required, Defendants deny the allegations in this paragraph.

4. Defendants admit that Counts I and II are state law claims. The remaining allegations in this paragraph state conclusions of law to which Defendants are not required to provide an answer. But if an answer is required, Defendants deny the allegations in this paragraph.

5. Defendants admit that Plaintiff was once a member of NEA. Defendants aver that Defendant DuShane Program is not a union, but rather a program offered by NEA to protect the employment rights of NEA members. To the extent that the term "Defendant unions" includes Defendant DuShane Program, Defendants deny that Defendant DuShane Program is a union. Defendants lack sufficient information to admit or deny that Plaintiff was a member of NEA at "all times relevant."

6. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

7. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

8. Defendants deny the allegations in this paragraph.

9. Defendants deny the allegations in this paragraph.

10. Defendants deny the allegations in this paragraph.

## COUNT I

11. Defendants deny the allegations in this paragraph.

12. Defendants deny that Defendant NEA did not pay for an attorney for Plaintiff. Defendants lack sufficient information to admit or deny whether Plaintiff hired an attorney at her own expense.

13. Defendants deny the allegations in this paragraph.

14. Defendants deny that Defendant NEA did not pay for an attorney for Plaintiff.

15. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

16. Defendants deny the allegations in this paragraph.

17. Defendants deny the allegations in this paragraph.

## COUNT II

18. Defendants deny the allegations in this paragraph. Defendants are not required to respond to Exhibit A; the document speaks for itself.

19. Defendants deny that Defendant NEA did not pay for an attorney for Plaintiff. Defendants lack sufficient information to admit or deny whether Plaintiff hired an attorney at her own expense.

20. Defendants deny the allegations in this paragraph.

21. Defendants deny that Defendant NEA did not pay for an attorney for Plaintiff. Defendants further deny that Defendant NEA "agreed in writing to do so" as alleged in this paragraph.

22. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

23. Defendants deny the allegations in this paragraph.

24. Defendants deny the allegations in this paragraph.

## COUNT III

25. Defendants lack sufficient information to admit or deny whether Plaintiff was provided notice of the Kate Frank/DuShane Unified Legal Services Program as alleged in this paragraph. Defendants deny that the Kate Frank/DuShane Unified Legal Services Program is an employee welfare benefit plan.

26. Defendants deny the allegations in this paragraph.

27. Defendants deny that Attorney Sandra J. Holman is "of the" Defendant NEA. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph. Defendants are not required to respond to Exhibit B; the document speaks for itself.

28. The allegations in this paragraph are conclusions of law to which Defendants are not required to provide an answer. But if an answer is required, Defendants deny the allegations.

29.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

30.    Defendants lack sufficient information to admit or deny whether NEA provided the "1998 New Member CD" to Plaintiff. Defendants are not required to respond to Exhibit C; the document speaks for itself.

31.    Defendants deny that Exhibit D is a "true and accurate copy of pages 14 and 15" of Defendant NEA's membership booklet.

32.    Defendants deny the allegations in this paragraph.

33.    Defendants deny the allegation in this paragraph. Further, Plaintiff's prayer for relief contains no allegations of fact and does not require a response. But if a response is required, Defendants deny all allegations in the prayer for relief and aver that Plaintiff is entitled to no relief.

SECOND DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

THIRD DEFENSE

Plaintiff's claims are barred because NEA's DuShane Program is not covered by ERISA.

FOURTH DEFENSE

Plaintiff's claims are barred because she failed to exhaust internal administrative remedies.

## RESPONSE TO JURY DEMAND

Defendants deny that Plaintiff is entitled to a trial by jury.

WHEREFORE, Defendants pray that the Complaint be dismissed with prejudice, that Plaintiff takes nothing, and that Defendants be awarded their costs and attorneys' fees.

Respectfully submitted

LOEWENSTEIN, HAGEN & SMITH, P.C.

s/Ralph H. Loewenstein

Ralph H. Loewenstein #1682970
Loewenstein, Hagen & Smith, P.C.
1204 S. Fourth Street
Springfield, IL 62703
(217) 525-1199
Fax: (217) 522-6047
E-Mail: rhl@lhoslaw.com

## CERTIFICATE OF SERVICE

I certify that on the  22nd  day of    November   , 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: H. Kent Heller of Heller, Holmes & Associates, P.C.

s/Ralph H. Loewenstein

Ralph H. Loewenstein #1682970
LOEWENSTEIN, HAGEN & SMITH, P.C.
1204 S. Fourth Street
Springfield, IL  62703
(217) 525-1199