IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| BARBARA CLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. 04-CV-2011 |
| | ) |
| ILLINOIS EDUCATION ASSOCIATION, | ) |
| NATIONAL EDUCATION ASSOCIATION, | ) |
| I.E.A.-N.E.A. LEGAL SERVICES PLAN, | ) |
| and KATE FRANK/DuSHANE UNIFIED | ) |
| LEGAL SERVICES PROGRAM, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO PETITION FOR ATTORNEY FEES**

Now comes Plaintiff BARBARA CLER, by H. KENT HELLER and DAVID STEVENS of HELLER, HOLMES & ASSOCIATES, P.C., her attorneys, and for her Response to Petition for Attorney Fees states as follows:

1. Defendants filed their Motion to Compel on January 16, 2006. (Doc. 36)

2. This Court granted the Motion to Compel on February 2, 2006. (Doc. 37)

3. In its Order, this Court directed defense counsel to file an affidavit of attorney fees and costs related to the Motion within 14 days of the Order. An affidavit is a sworn and witnessed statement.

4. Counsel for Defendants filed his Petition for Attorney Fees on February 10, 2006. (Doc. 38) No affidavit was filed, and the Petition was neither sworn nor witnessed.

5. Counsel for Defendants has failed to follow the explicit directive of this Court, and his Petition for Attorney Fees should be summarily dismissed and denied.

6. Alternatively, Exhibit A to the Petition is a copy of a letter sent from counsel for

Defendants to Counsel for Plaintiff dated January 27, 2006, specifying the deficiencies in discovery responses claimed by Defendants.

7. Defendants claim the Answers to Interrogatories were not signed and verified by Ms. Cler. Counsel for Plaintiff sent unsigned Answers on January 12, 2006, with a note informing Counsel for Defendants that signed copies would be forwarded when received. Signed and verified copies were sent on February 10, 2006.

8. Defendants claim that with respect to the Answer to Interrogatory #8, the charges to Ms. Cler for attorney fees are not included. In her Answer to Interrogatory #8, Plaintiff listed individual payments to attorneys from December 20, 2001, through September 19, 2003, totaling $16,824.95. Plaintiff had previously provided copies of the actual bills sent to her by the attorneys in her Rule 26 Disclosures in May, 2004. There was no need to duplicate material previously provided in good faith. Defendants' claim of deficiency is incorrect.

9. Defendants claim that with respect to Answer to Interrogatory #10, the answer fails to disclose whether any payments were made by or on behalf of Ms. Cler to IEA for membership dues after termination of her employment on June 1, 2001. Plaintiff's Answer to Interrogatory #10 reads as follows:

> "Since my dues were paid by payroll deduction, I cannot be sure how much was paid to the Union **after June 1, 2001**, nor do I know when any monies may have been forwarded from my previous employer to the Union on my behalf for 'union dues.' However, according to the W-2 that my previous employer provided to me **for the year 2001**, in the year 2001, $283.91 was paid by me for 'Union Dues.'" (Emphasis in original.)

The Answer is responsive and complete. Defendants' claim of deficiency is incorrect.

10. Defendants claim that with respect to Answer to Interrogatory #11, there is no disclosure with regard to the two letters mailed to Ms. Holman by Plaintiff in September 2002 and/or

October 2003. They also claim that there is also no disclosure with regard to a letter supposedly sent by Plaintiff to NEA in December 2003. Plaintiff's Answer to Interrogatory #11 reads as follows:

> "**This question is not clear to me and it seems to ask numerous questions each of which is not clear to me. However, I will answer to the best of my ability.** In addition to the information provided in Interrogatory #2, I mailed two letters directly to Ms. Holman. According to my records, one was dated July 25, 2002, and the other was dated November 22, 2002. Additionally, to the best of my knowledge it is my understanding that my current attorney, Mr. H. Kent Heller, mailed two letters to Ms. Holman in September 2003 and/or October 2003. **It was also my understanding that because Ms. Holman stated in her two letters to me and also to my attorney that any appeal was to be addressed to Mr. Roth, my current attorney** also sent one letter to each Mr. Mitchell Roth and one to the NEA in Washington D.C. in December 2003. To the best of my knowledge, there was no response by neither Mr. Roth nor the NEA **nor were there any plan or guideline documents provided** prior to my filing of this lawsuit, which occurred in January 2004. My understanding is that Mr. Roth **responded on** or about February 23, 2004, almost six weeks after the filing **of this current** lawsuit." (Emphasis in original.)

The Answer is responsive and complete. Further, copies of letters from Plaintiff to Ms. Holman dated July 25, 2002, and November 22, 2002, were provided to Counsel for Plaintiff by Counsel for Defendants in April, 2004, as part of Defendants' Rule 26 Disclosures. Copies of letters from Counsel for Plaintiff to Ms. Holman dated August 27, 2003; September 25, 2003; and December 15, 2003, were similarly provided by Counsel for Defendants. Defendants' claim of deficiency is incorrect.

11. Defendants claim that Plaintiff's objection to providing documents with regard to real estate purchased or sold by her during calendar years 2000, 2001, and 2002 on the basis of relevance is incorrect. Whether such objection may be sustained is a matter for this Court to determine, but in fact all such documents were provided to Counsel for Defendants in May, 2004, as part of Plaintiff's Rule 26 Disclosures. Defendants' claim of deficiency is incorrect.

12. Defendants claim that Plaintiff's Response to Request to Produce #5 was deficient because Plaintiff only provided one contract with an attorney rather than three. Defendants had

requested copies of "any and all contracts or letters of engagement that you entered into with any attorney to represent you in your dispute with the Board of Education of Community Unit School District No.7." There were no written contracts with other attorneys, and none were required as the representation was on an hourly basis rather than on a contingency fee basis. Defendants' claim of deficiency is incorrect.

13. Defendants claim that Plaintiff's Response to Request to Produce #5 was deficient because no records were provided with regard to legal services provided to her from James Baker or Ms. Nally. As indicated above, those records were previously provided in May, 2004, as part of Plaintiff's Rule 26 Disclosures. Defendants' claim of deficiency is incorrect.

14. Defendants claim that the only document provided in response to Request to Produce #7 evidencing Plaintiff's membership in IEA and payment of dues to IEA between March 1, 2001, and the present was the Request for Legal Services Memorandum of Agreement signed by her on June 27, 2001. Even if true, this is not a deficiency, but it is not true. In addition to the Request for Legal Services, Plaintiff's response included 19 pages of documents provided to her by IEA/NEA. Additionally, in her Answers to interrogatories Plaintiff referred to dues withheld from her paychecks in the amount of $283.91 for 2001. Defendants' claim of deficiency is incorrect.

15. Exhibit B to the Petition for Attorney Fees was a statement of hours expended in attempting to secure a response to written discovery in this matter. No time is listed for the review of Plaintiff's Rule 26 Disclosures, served in May, 2004, or of Defendants' Rule 26 Disclosures, served in April, 2004. Had five minutes been spent reviewing those documents, most if not all of the so-called "deficiencies" would be seen for what they are: failures of Counsel for Defendant to realize what he already had in his file.

WHEREFORE, Plaintiff BARBARA CLER prays this Court to deny the Petition for

Attorney Fees, or in the alternative to award a significantly reduced amount to reflect time actually spent that was needed, as well as for such other and further relief under the statute to which she may be entitled and which this Court deems just and fair.

            BARBARA CLER, Plaintiff


         By:   s/David Stevens
            Of Heller, Holmes & Associates, P.C.
            Her Attorneys

H. KENT HELLER
DAVID STEVENS
HELLER, HOLMES & ASSOCIATES, P.C.
1101 Broadway, P.O. Box 889
Mattoon, IL 61938-0889
Telephone: (217) 235-2700
Fax: (217) 235-0743
E-Mail: DavidStevens@HHLawOff.com

## CERTIFICATE OF SERVICE

  I hereby certify that on February 22, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Ralph H. Loewenstein of Loewenstein, Hagen, Oehlert & Smith.

           s/David Stevens
           Heller, Holmes & Associates, P.C.
           1101 Broadway, P.O. Box 889
           Mattoon, IL 61938-0889
           Telephone: (217) 235-2700
           Fax: (217) 235-0743
           E-Mail: DavidStevens@HHLawOff.com
           Attorneys for Plaintiff