RECEIVED
MAR 22 2006
JOHM M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

E-FILED
Tuesday, 28 March, 2006  11:45:33 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| BARBARA CLER,<br><br>      Plaintiff,<br><br>-vs-<br><br>ILLINOIS EDUCATION ASSOCIATION,<br>NATIONAL EDUCATION ASSOCIATION,<br>IEA UNIFIED LEGAL SERVICES PLAN,<br>and KATE FRANK/DuSHANE UNIFIED<br>LEGAL SERVICES PROGRAM,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 04-2011<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

FILED
MAR 22 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

## PLAINTIFF'S OBJECTION TO MOTION FOR LEAVE TO WITHDRAW

## AS COUNSEL FOR PLAINTIFF

      Plaintiff, BARBARA CLER, by herself, and for her Plaintiff's Objection to Motion for Leave to Withdraw as Counsel for Plaintiff, states:

1.     Plaintiff strenuously opposes Counsels' (herein after referred to as "Counsel") Motion to Withdraw.

2.     Current Counsel did not warn plaintiff of any "differences" that were becoming "irreconcilable."

3.     If any differences exist, they are reconcilable.

4.     Plaintiff's current Counsel has been sole counsel for Plaintiff since the inception of this case.

5.     Substitution of Counsel at this late stage prejudices Plaintiff and the case as a whole.

6.     On June 24, 2003 Mr. Heller and Plaintiff executed the Contingency Fee Contract (**Exhibit A**--herein after referred to as "Contract"). On January 12, 2004, date this lawsuit was filed. Between those to dates Mr. Heller and Plaintiff specifically discussed the possibility of settlement and the terms that Plaintiff could not accept in a settlement. That term that Plaintiff could not and would not accept as part of any settlement was, and is, confidentiality. Plaintiff and Mr. Heller agreed as part of our agreement that he would not withdraw from representing me if I would reject any settlement offer that contained any type of confidentiality.

7.     Plaintiff's sole position has been to comply and cooperate with Counsel with respect to the conduct of the case. Referencing Court Document #39, Response to Motion for Attorney's Fees, ("Response") the Court can clearly see that I, the Plaintiff, had in good faith complied with request, as were communicated to me by Counsel. To date, Plaintiff does not have a listing of the voluminous documents that have been forwarded to the Defendants' attorney; therefore, the Plaintiff can only go by what the Response and Document #39 Exhibit A of Court Document #38 state. Contrary to the Defendants' assertions in Court Document #38, Exhibit A, page 2, #1, ***the driving force*** of Cler v. Akers. Et al, in the United States District Court, Central District of Illinois, 02-2071 was the original Resolution that contained misrepresentations and defamatory comments about me that publicly damaged my reputation. The original Resolution was attached to that Complaint as Exhibit C and see paragraphs #20-#32 of that Complaint (02-2071) and a copy of the original Resolution which is attached here as **Exhibit B**. Contrary to the assertions by the Defendants, those representations were not "supposedly made" they were actually made. And there was a witness, Mr. Gene Vanderport, Uniserv Director for IEA-NEA (see **Exhibit C**). The

2

3/22/2006

Defendants had full knowledge that misrepresentations had been made to Plaintiff with respect to Plaintiff's continued employment. As **Exhibit C** shows, the Defendants had full knowledge, through their own witness, that misrepresentations had been made to Plaintiff, by the Defendants in Case No. 02-2071. Plaintiff was a member of the organization at the time (see **Exhibit D**) who had paid her dues (see **Exhibit E**—which only shows dues paid for the last half of the academic year). Since there were misrepresentations made to me with respect to my continued employment, which casts those Defendants' credibility into question, it also placed the credibility of the Resolution into question, a resolution that unjustifiably and publicly damaged my reputation. That was the driving force in case 02-2071. In the settlement of that case, Plaintiff was provided with a newly adopted Resolution proving her separation from Unit #7 Schools as an *Honorable Dismissal* and retracting and recanting the original Resolution (**Exhibit F**). This is also why Plaintiff, so early in this case, explained to Mr. Heller that I could not accept confidentiality, because that would, in effect, hinder my ability to protect my reputation and that if that were a stumbling block to any settlement, I needed his assurance that he would not withdraw. He gave that assurance to me.

8. Between the Contract date, June 24, 2003, and the filing of the Complaint, January 12, 2004, in addition to attempting to work this dispute out with the Defendants, Mr. Heller and Plaintiff had occasion to discuss the conditions for withdrawal. None of those conditions exist.

9. Plaintiff has been able to work cooperatively with Counsel during this process as **Exhibits G, H, I, J** evidences. Mr. Stevens and I amicably and cooperatively, with deference always provided to Mr. Stevens. In an email, Mr. Stevens requests my assistance in amending the Complaint because my assistance "has been most helpful in the past" and that I had "good instinctual and reasearch (sic) responses during the appeal" and that he believed that I could be

3

3/22/2006

"similarly helpful" now. **Exhibits G, H ,I ,J** clearly show that Mr. Stevens and Plaintiff were and are able to work very well together. Mr. Stevens requested my input and I always provided it.

10    On or about March 10, 2006, Plaintiff asked Mr. Stevens if he would take over the case. He indicated to me that it was Mr. Heller's decision. The Contract allows for substitution of Counsel within Heller, Holmes & Associates.

11.    Plaintiff has the Contract with Counsel, and the Contract does not allow for Counsels' withdrawal. Contract was drawn solely by Counsel, an attorney, and, therefore, any omissions, ambiguities or inconsistencies, should be interpreted against the drawer. Counsel inserted language into the Contract which allows for client withdrawal, but Counsel didn't insert language regarding Counsel withdrawal. It allows for substitution within HELLER, HOLMES & ASSOCIATES, P.C.. This should be considered a waiver of a withdrawal right, barring extraordinary circumstances, which do not exist here.

12.    Should Counsel withdraw, too much work would have to be duplicated and would result in unnecessary delay and cost given that any differences that may exist are reconcilable.

13.    Plaintiff is currently scheduled to be deposed April 7, 2006 at 1:00 p.m. at HELLER, HOLMES & ASSOCIATES, P.C., and should not be without Counsel during such time. Plaintiff certainly would not be able to secure substitute counsel on such short notice while working full time.

14.    Counsels' withdraw leaves to many unknowns given the Contingency Fee Contract between Plaintiff and Counsel. Additionally, too many complexities must be worked out prior to Plaintiff securing substitute Counsel given the Contingency Fee Contract.

15.    Plaintiff has questions, issues, and concerns regarding a $950 Order.

16.    Since it is Counsel that wishes to withdraw; it should be the burden of Counsel to locate another attorney that Counsel can negotiate the Contingency Fee Contract to the satisfaction of

4

3/22/2006

both current Counsel and substitute Counsel. Additionally, Counsel has the expertise and experience with surrounding lawyers; therefore, Counsel is in a far favorable position to effectuate this more smoothly. Counsel should therefore have the burden of locating and securing substitute Counsel under the Contract.

17. This case is a very important case not only for Plaintiff, but also for all individuals who should ever find themselves in similar circumstance. Therefore, this case should not be compromised by changing Counsel so late in these proceedings. There are too many important legal issues that should be addressed.

WHEREFORE, BARBARA CLER, PLAINTIFF, pray this Court denies MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF by H. KENT HELLER and DAVID STEVENS of HELLER, HOLMES & ASSOCIATES, P.C., Attorneys for Plaintiff BARBARA CLER. Plaintiff prays the Court forgives any technical omissions or errors.

*Barbara Cler*
BARBARA CLER, Plaintiff

Barbara Cler
4009 Aberdeen Drive
Champaign, IL 61866
Telephone: (217) 378-4076

5

3/22/2006

## Certificate of Service

The undersigned certifies that this **PLAINTIFF'S OBJECTION TO MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF** will be served by depositing printed copy into the United States mail at Champaign, Illinois on March 22, 2006, with postage prepaid upon the following parties at the addresses listed below:

Mr. H. Kent Heller
Heller, Holmes & Associates, P.C.
1101 Broadway, P.O. Box 889
Mattoon, IL 61938-0889

Mr. David Stevens
Heller, Holmes & Associates, P.C.
1101 Broadway, P.O. Box 889
Mattoon, IL 61938-0889

Mr. Ralph H. Loewenstein
Loewenstein, Hagen & Smith, P.C.
1204 South Fourth Street
Springfield, IL 62703-2229

Signed: _____
Barbara Cler, Plaintiff

Barbara Cler
4009 Aberdeen Drive
Champaign, IL 61866
Telephone: (217) 378-4076

ClerObjectionToMotionToDismissMarch222006