# CONTINGENT FEE CONTRACT  CLIENT'S COPY

This is a contract between the undersigned client and Heller, Holmes & Associates, P.C., client's Attorneys. Client and Attorneys agree that client's litigation arising from **reimbursement of attorney's fees from union** will be handled by Attorneys on the following contingent fee basis. Attorneys will receive 33 1/3% of the sums recovered on behalf of the client as the contingency fee, plus an amount equal to expenses incurred as additional fee. In the event there is no recovery, client will not be responsible for the payment of expenses except to the extent of any retainer.

Client also agrees to pay an initial retainer in the amount of $-0-. The retainer fee is that sum which Attorneys require in advance of commencement of work on behalf of client. No portion of the retainer will be credited against the percentage fee to be received by the Attorneys from any sums recovered on behalf of the client. Client authorizes Attorneys to credit and apply the retainer toward expenses as they are incurred.

Client hereby assigns to Attorneys such share of client's claim as will fully secure the payment of all attorney's fees. Client authorizes Attorneys to make such investigation and to expend such sums as are required in the judgment of the Attorneys to prepare the matter for trial, including the employment of expert witnesses. No settlement will be made without the consent of the client. Client agrees that any drafts received in his behalf will be endorsed by client and deposited in Attorneys' trust account. There will be no distribution of funds until the draft has cleared, which will be a minimum of 14 days from date of deposit. Client acknowledges that neither Client nor Attorneys receive any interest on the funds so deposited.

In the event of an appeal by either party ultimately resulting in a recovery on behalf of the client, the fee to be charged by the Attorneys will be 40%. No appeal will be taken without the client's permission. Attorneys are not obliged to take an appeal but will counsel with client with regard to the necessity for or desirability of an appeal. In the event client and Attorneys cannot agree with regard to the taking of an appeal, client may secure other counsel to take an appeal and Attorneys will be paid in full for services rendered to date in accordance with the provisions of this agreement. It is understood that any and all of the Attorneys of Heller, Holmes & Associates, P.C., may perform services for the client at any time, in the judgment and discretion of the attorneys.

**(The Following Paragraph Applies Only If This Is A Referral From Another Attorney Or Law Firm.)**

(This matter is being handled on a referral from _____ _____. Client acknowledges and consents to said referral arrangement, as well as to the division of any attorneys' fees earned in this case with _____ _____% of such contingency fee to be paid to Heller, Holmes & Associates, P.C. and _____% to be paid to the referring lawyer.)

Client acknowledges that (s)he has read this Contingent Fee Contract, is acquainted with all of the terms and conditions of the contract and accepts each of the terms and conditions.

Dated this _24_ day of June, 2003.

_Barbara Cler_ (signature)

_H. Kent Hill_ (signature)
(Of Heller, Holmes & Associates, P.C., Attorneys)

File Number: 13510

_____
(Referring Counsel, if Applicable)

M:\docs\FeeContg.frm
a:cler13510.contract/kjs2003-30/06112003

**Exhibit A**

RESOLUTION REFERENCE
THE DISMISSAL OF BARBARA CLER

WHEREAS, Barbara Cler is a certificated employee in and for Tolono Community Unit School District No. 7; and

WHEREAS, the Board of Education of Tolono Community Unit School District No. 7 has, upon request, received certain reports and recommendations from members of the District's administrative staff regarding the teaching performance, effectiveness and competence of Barbara Cler in her capacity as a certificated employee of Tolono Community Unit School District No. 7; and

WHEREAS, the reports and recommendations so received have been considered, studied and accepted by the Board of Education; and

WHEREAS, the Board of Education finds and determines that Barbara Cler should be dismissed as a certificated employee in and for Tolono Community Unit School District No. 7 at the end of the 2000-2001 school term;

**NOW, THEREFORE, BE IT RESOLVED** by the Board of Education of Tolono Community Unit School District No. 7 as follows:

Section 1.    The Board hereby finds that all of the recitals contained in the preambles to this resolution are full, true and correct and does incorporate them into this resolution by this reference.

Section 2.    That Barbara Cler is hereby dismissed as a certificated employee in and for Tolono Community Unit School District No. 7 for the following reasons:

A.    In the opinion of the Board of Education, enrollment is declining in the business curriculum area of study.



EXHIBIT C

B. In the opinion of the Board of Education, Barbara Cler does not generally make herself available to students so that they might obtain extra help with their studies.

C. In the opinion of the Board of Education, Barbara Cler has not demonstrated the appropriate encouragement and accessibility necessary to establish a successful learning environment for students.

D. In the opinion of the Board of Education, Barbara Cler does not consistently expend sufficient time and energy in carrying out the duties incumbent upon doing her job with pride and professionalism.

E. In the opinion of the Board of Education, the dismissal of Barbara Cler is in the best interests of the District.

**Section 3.** That the effective date of the dismissal of Barbara Cler is the last day of the 2000-2001 school term.

**Section 4.** That the Superintendent is hereby authorized and directed to prepare a written notice of dismissal for signature by the President and Secretary of the Board of Education; that following the signing of said notice, the Superintendent is hereby authorized and directed to personally serve said notice on Barbara Cler, and is further directed to send to Barbara Cler a copy of said notice by certified mail, return receipt requested, so that the said Barbara Cler receives said notice at least Forty-five (45) days before the end of the 2000-2001 school term.

**Section 5.** That this Resolution shall be in full force and effect forthwith upon its adoption.

ADOPTED this 28th day of March, 2001, by the following roll-call vote:

AYES: _____7_____

NAYS: _____0_____

ABSENT: ___0_____

_____
President, Board of Education

_____
Secretary, Board of Education

*LR W:\lrumery\DISMISS\2001\Tolono - YR2 non-tenured non-renewal with reasons.wpd*

CERTIFICATION

I, _Linda Friedemann_, Secretary of the Board of Education of Community Unit School District No. 7, do hereby certify that the foregoing Resolution was adopted at a regular meeting of the Board of Education on March 28, 2001 by the following roll call vote:

Ayes: __7__

Nays: __0__

Absent: __0__

and that the motion was duly declared carried by the President of the Board.

Dated this 28th day of March, 2001.

_Linda Friedemann_
Linda Friedemann, Secretary
Board of Education



# Illinois Education Association-NEA
## Urbana Region Office

304 North Maple Avenue, Suite 202
Urbana, IL 61801-2749
217/384-2906 • 800-638-5544
Fax 217.384.7763

November 28, 2001

To Whom It May Concern:

I am writing in order to relate the conversation Barbara Cler and I had with Unity High School Principal Don Akers in the course of processing the initial steps of the grievance filed on Ms. Cler's behalf. Mr. Akers admitted that when Ms. Cler first approached him about her employment status he did <u>not</u> tell her she was being dismissed. He admitted that she had mentioned her desire to purchase a house in the area. He went on to say that the decision had been made in February (!) but since the superintendent was out of the country he couldn't tell her about the decision. The initial status conversation was March 2nd.

Ms. Cler and I both protested his lack of consideration. We indicated as well that the contract required notice of change of status prior to its execution. It should also be noted that <u>at no time</u> before March 20, 2001 did Ms. Cler have any clue that her employment would be terminated. The fact that she unequivocally told Mr. Akers of her plan to buy a house makes the District's and Akers' actions that much more reprehensible.

Should you have any further questions regarding the above please do not hesitate to contact the undersigned.

Sincerely yours,

*Gene Vanderport*
Gene Vanderport
UniServ Director

GV:th

Exhibit C



Exhibit D

| a Control number 25 | | OMB No. 1545-0008 | This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it. | |
|---|---|---|---|---|
| b Employer identification number 376002531 | | | 1 Wages, tips, other compensation 13401.58 | 2 Federal income tax withheld 2052.06 |
| c Employer's name, address, and ZIP code COMMUNITY UNIT SCHOOL DIST 7 408 N CENTRAL ST PO BOX S TOLONO, IL 61880 | | | 3 Social security wages | 4 Social security tax withheld |
| | | | 5 Medicare wages and tips 14727.04 | 6 Medicare tax withheld 213.55 |
| | | | 7 Social security tips | 8 Allocated tips |
| d Employee's social security number | | | 9 Advance EIC payment | 10 Dependent care benefits |
| e Employee's name, address, and ZIP code BARBARA A.           CLER | | | 11 Nonqualified plans | 12a See instructions for box 12 |
| | | | 13 Statutory employee ☐  Retirement plan ☒  Third-party sick pay ☐ | 12b |
| 209 WINDING LANE RANTOUL, IL 61866-0000 | | | 14 Other UNION DUES 283.91 | 12c |
| | | | | 12d |
| 15 State IL | Employer's state ID number 376002531 | 16 State wages, tips, etc. 13401.58 | 17 State income tax 401.95 | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |

Form **W-2** Wage and Tax Statement    **2001**    Department of the Treasury—Internal Revenue Service

Copy C For EMPLOYEE'S RECORDS. (See Notice to Employee on back of Copy B).

Safe, accurate, FAST! Use IRS e-file

Exhibit E

[Attachment B   Corrected Resolution {final executed copy on one page}][†]

## RESOLUTION

WHEREAS, Barbara Cler is a certificated, probationary employee in and for Tolono Community Unit School District No. 7; and

WHEREAS, due to economic circumstances, the Board of Education of Tolono Community Unit School District No.7 has determined that it will not have need for the services of Barbara Cler following the conclusion of the 2000-2001 school term;

WHEREAS, the Board of Education finds and determines for the foregoing reason that Barbara Cler will be honorably dismissed as a certificated employee in and for the Tolono Community Unit School District No.7 at the end of the 2000-2001 school term;

**NOW, THEREFORE, BE IT RESOLVED** by the Board of Education of Tolono Community Unit School District No. 7 as follows:

**Section 1.**   The Board hereby finds that all of the recitals contained in the preambles to this resolution are full, true and correct and does incorporate them into this resolution by this reference.

**Section 2.**   That Barbara Cler is hereby honorably dismissed as a certificated employee in and for Tolono Community Unit School District No. 7 for the reasons cited above.

**Section 3.**   That the effective date of the honorable dismissal of Barbara Cler is the last day of the 2000-2001 school term.

**Section 4.**   That the President and Secretary of the Board of Education shall sign and the Superintendent shall personally serve a notice of the actions taken by it as set forth in this Resolution on Barbara Cler, and shall further send to Barbara Cler a copy of said notice by certified mail, return receipt requested, so that Barbara Cler receives said notice at least forty-five (45) days before the end of the 2000-2001 school term.

**Section 5.**   That this Resolution shall become effective upon its adoption.

**EFFECTIVE** this 28th day of March, 2001, by the following roll-call vote:

AYES: _____
NAYS: _____
ABSENT: _____

_____
President, Board of Education

_____
Secretary, Board of Education

*Exhibit F*

---

[†] Bracketed text not to be printed on final copy.

Settlement Agreement    Case & Doc. ID: *Cler v. Hunt et al.*    Copy 2 of 2  π - Δ
Page 9 of 10                                                      Draft Date: July 23, 2003

*BCler 8/22/03*                                                   *MJS 8/20/03*

| | |
|---|---|
| Subj: | **Amended Complaint** |
| Date: | 10/21/2005 10:43:38 A.M. Central Standard Time |
| From: | davidstevens@hhlawoff.com |
| To: | BCler2000@aol.com |

Barb:

As you know, Kent Heller has requested me to assist him in this case by drafting an amended complaint for filing. As a courtesy, because I know of your intense interest in this matter and because your assistance has been most helpful in the past, I wanted you to take a look at the draft I have prepared before it is filed. Please remember this is a work in progress which may well be changed even before you see it. It must be filed no later than November 2, so time is of the essence. If you have any responses or suggestions I would be happy to receive them. I realize you are not an attorney, but you had good instinctual and reasearch responses during the appeal and I believe you could be similarly helpful now. I enclose copies in both WordPerfect and PDF formats as I do not recall what your system can read and what it cannot.

David Stevens

*Exhibit G*

| | |
|---|---|
| Subj: | **RE: Amended Complaint** |
| Date: | 10/23/2005 1:30:05 P.M. Central Standard Time |
| From: | davidstevens@hhlawoff.com |
| To: | BCler2000@aol.com |

Barb:

Thanks for the quick reply; I'll look forward to seeing your response later in the week. For your information I will be out of the office on Monday, Wednesday, and Friday of this week with depositions in another case, and I may not be able to get back to you until the 31st. My recollection is that the amended complaint is due on November 2, but I will of course double-check that date. Whatever it is, we will not miss it.

Thanks.

David

>       -----Original Message-----
>       **From:** BCler2000@aol.com [mailto:BCler2000@aol.com]
>       **Sent:** Friday, October 21, 2005 6:26 PM
>       **To:** davidstevens@hhlawoff.com
>       **Subject:** Re: Amended Complaint
>
>       Dear David:
>
>       Thank you so much for including me in this process. I will be most interested, and even anxious, in helping in any way that I can (as you know :)). Since this is the weekend, you will probably read this very closely to the time that you read my response. As you know, I will be most happy to help even if it means I work on a weekend (I bet you already knew that!).
>
>       You will receive a response from me by Monday morning.
>
>       Thank you very much for contacting me and for continuing your attention to this case!
>
>       Sincerely,
>
>       Barbara Cler

*Exhibit H*

| | |
|---|---|
| Subj: | **Draft of Brief** |
| Date: | 10/26/2004 1:51:26 PM Central Daylight Time |
| From: | DavidStevens@HHLawOff.com |
| To: | BCler2000@aol.com |

Barbara:

Here is a draft of the brief so far. I must still add a statement of facts, but am not sure what I'll use in addition to the Statement of the Case. Usually this contains the testimony and/or argument from trial or hearing, but in this case there was none. But I thought you'd like to see how it's coming. This is far from final, but I'd appreciate any suggestions you might have. Recall that the brief is due in Chicago on November 8, so I plan to overnight it on November 5. Thanks.

If you can't read the WordPerfect file, let me know and I'll convert it to a PDF file and resend it.

David

*Exhibit I*

Subj: **Latest Version**
Date: 11/5/2004 9:12:55 AM Central Standard Time
From: DavidStevens@HHLawOff.com
To: BCler2000@aol.com

Barb:

Here is the latest version; my secretary is generating the Table of Authorities at the moment. This is pretty close to the end; it has to be reproduced (about 20 copies), put together, and sent today, and I have to file the electronic version also. If there is anything urgent, let me know right away. I've tried to respond to your suggestions as much as possible, and am still interested in your responses. <<...>>

David Stevens

Exhibit J